**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 2, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN MARSHALL COGSWELL,

      Plaintiff-Appellant,

v.

UNITED STATES SENATE,

      Defendant-Appellee.

No. 09-1134

(D.C. No. 08-CV-01929-REB-MEH)

(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the parties' briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In this case Plaintiff, an attorney admitted to the federal bar and acting *pro se*, appeals the district court's dismissal of his claims against the U.S. Senate. Plaintiff originally filed an action against Richard Cheney, as President of the U.S. Senate, alleging that the Senate's failure to timely confirm the President's judicial

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

nominees "denied [plaintiff] meaningful access to this Court and to the judicial power of the United States." (Doc. 1 at 8.) Plaintiff asked the court to issue a declaratory judgment stating that the Senate must act on nominations within four months and that any nominee not put to a vote in that time would be deemed confirmed by the Senate "as a matter of law."[1] (Doc. 1 at 10.) Upon the government's motion to dismiss, Plaintiff's claim was referred to a magistrate judge.

After reviewing the complaint, the magistrate judge recommended that the government's motion be granted. Specifically, the magistrate judge found that Plaintiff had improperly asserted jurisdiction based on *Bivens* in bringing a suit against a public official in his official capacity, *see Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005), that Plaintiff's claims did not meet Article III's standing requirements as laid out in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992), and, additionally, that Plaintiff's claims were otherwise barred by the political question doctrine, *see Schroder v. Bush*, 263 F.3d 1169, 1174 (10th Cir. 2001).

---

[1] In his original complaint, Plaintiff also alleged that Henry Paulson, as Secretary of the Treasury, aided and abetted the Senate by paying U.S. Senators. Plaintiff asked that the court grant an injunction enjoining Secretary Paulson from making further payments to the Senate until it confirmed the nominees. However, upon Plaintiff's own motion, the court dismissed his claims against Secretary Paulson. Additionally, the court substituted Joseph R. Biden, Jr., as President of the U.S. Senate in place of Richard Cheney.

The day after the magistrate judge issued his recommendation, Plaintiff filed an amended complaint substituting the U.S. Senate as the defendant in place of the President of the U.S. Senate., and asserting standing "as a member of the constituent power of the United States and all of its citizens." (Doc. 23 at 6.) In response, the magistrate judge issued a supplemental recommendation in which he reiterated his prior "bases for dismissal" and *sua sponte* recommended dismissal of the amended complaint, again based on subject matter jurisdiction. (Doc. 24 at 2.) After reviewing Plaintiff's objections, the district court approved and adopted both recommendations. Plaintiff appeals the dismissal of his amended complaint. We review all issues on this appeal *de novo*. *See Kane County Utah v. Salazar*, 562 F.3d 1077, 1085 (10th Cir. 2009) (subject matter jurisdiction); *United States v. Eckhart*, 569 F.3d 1263, 1274 (10th Cir. 2009) (standing); *Schroder*, 263 F.3d at 1173 (political question doctrine).

After careful review of the briefs and the record on appeal, we conclude that the district court correctly dismissed the complaint. Accordingly, for substantially the same reasons set forth in the magistrate judge's thorough and well-reasoned recommendations, we **AFFIRM**.

Entered for the Court

Monroe G. McKay
Circuit Judge

-3-